ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| NICHOLAS GERARDE MIDDLEBROOKS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHMOND COUNTY, GEORGIA )<br>SHERIFF'S OFFICE, et al., )<br>)<br>Defendants. ) | CV 107-015 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Wilcox State Prison in Abbeville, Georgia, commenced the above-captioned case *pro se* pursuant to 42 U.S.C. § 1983. On March 15, 2007, the Court conditionally granted Plaintiff's motion to proceed *in forma pauperis* ("IFP"), directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees form within thirty (30) days, and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. (Doc. no. 7, p. 1 (citing 28 U.S.C. § 1915(b)(1))). On April 11, 2007, Plaintiff submitted the $350.00 filing fee. (Staff Note, Apr. 11, 2007). Therefore, the Court's March 15th Order conditionally granting Plaintiff leave to proceed IFP (doc. no. 7) is **VACATED**, and Plaintiff's motion to proceed IFP (doc. no. 5) is **MOOT**.

As Plaintiff is not proceeding IFP, his complaint is not subject to 28 U.S.C. § 1915(e)(2)'s screening provision. See Farese v. Scherer, 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP"). However, because Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. 28 U.S.C. § 1915A; Thompson v. Hicks, No. 06-14110, 2007 WL 106785, at *2 (11th Cir. Jan. 17, 2007) (*per curiam*). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may review Plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants: (1) the Richmond County Sheriff's Office; (2) Investigator Richard Chase; (3) Investigator James Kelley; (4) Attorney Willie Saunders; (5) District Attorney Mark Walters; and (6) the Honorable J. Carlisle Overstreet, Superior Court Judge, Augusta Judicial Circuit. (Doc. no. 1, pp. 1, 4).

In his complaint, Plaintiff alleges that Defendants conspired to violate his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (Id. at 7). These alleged violations stem from a search of Plaintiff's girlfriend's apartment on June 22, 2004, by officers investigating a robbery. (Id.). Plaintiff states that, outside of his presence, the officers recovered a gun and $85,000 during the search. (Id. at 8). Following the search,

2

Plaintiff was arrested and subsequently convicted of armed robbery, aggravated assault, four counts of kidnapping, and possession of a firearm during the commission of a crime. (Id. at 9).

Plaintiff avers that the search was illegal because the officers did not have a warrant and pressured Plaintiff and his girlfriend into consenting to the search. (Id. at 8). Plaintiff also states that after his arrest he was threatened and, as a result, made incriminating statements. (Id. at 9). Plaintiff alleges that his attorney, Defendant Willie Saunders, should have addressed these and other issues by filing, among other things, a motion to suppress the illegally seized evidence.[1] (Id. at 10). Plaintiff further states that Defendant Judge Overstreet and the Defendant District Attorney Mark Walters had a duty to assure that proper motions challenging the State's evidence were filed. (Id. at 10-11). Because proper motions were not filed, Plaintiff concludes that the court and the District Attorney entered into a conspiracy against him. (Id. at 11). Plaintiff requests that the Court hold a hearing to address these issues and requests that the Court appoint him counsel. (Id. at 12; doc. no. 9).

## II. DISCUSSION

### A.  Relief Sought is not Properly Brought in § 1983 Action

As evidenced by the fact that Plaintiff seeks a hearing to raise motions that allegedly should have been raised in pre-trial proceedings in his criminal case - and, consequently, is seeking to be released from custody - Plaintiff is challenging the legality of his criminal

---

[1] Plaintiff sets forth additional allegations of attorney misconduct in his "Brief in Support of Petition." (See doc. no. 8). However, the Court recognizes that Plaintiff did not fully amend his complaint; therefore, the Court will consider Plaintiff's original and amended complaint together for the purposes of the instant Report and Recommendation.

3

conviction in an action brought pursuant to § 1983, which is improper, and is seeking relief that can only be obtained in a habeas corpus action. The Supreme Court has held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487.

Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. See Heck, 512 U.S. at 483; see also Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

According to Plaintiff, the alleged unlawful actions of Defendants should be grounds for overturning his conviction. However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

4

issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's current allegations of an improper criminal investigation, arrest, or conviction are not actionable in this § 1983 suit.[2] Cf. Rankin v. Evans, 133 F.3d 1425, 1428 (11th Cir. 1998) (§ 1983 claim against arresting officer in child molestation case proceeded after grand jury found plaintiff "completely innocent" of charges).

Moreover, even if the Court were to construe Plaintiff's complaint as a petition for a writ of habeas corpus he would still not be entitled to relief. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (explaining that the exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241 (1886), is now codified at 28 U.S.C. § 2254(b)(1)). As Plaintiff has not alleged exhaustion of state court remedies, a request for federal habeas corpus relief would be subject to dismissal.

**B. Appointment of Counsel**

Plaintiff has also filed a motion requesting that counsel be appointed on his behalf. (Doc. no. 9). As a general rule, there is no entitlement to appointed counsel in a civil rights

---

[2]Furthermore, even if the Court were to consider Plaintiff's claims under § 1983, the Richmond County Sheriff's Department would be subject to dismissal because Plaintiff must sue the individuals personally involved in the wrongs he alleges; he may not simply name "the Richmond County Sheriff's Department" as a Defendant. Additionally, Judge Overstreet and District Attorney Mark Walters would be entitled to immunity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1979); Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). Lastly, although Attorney Willie Saunders is not a governmental employee subject to screening under § 1915A, Plaintiff's § 1983 claims against this Defendant would fail because the claims only pertain to Defendant Saunders's traditional duties as counsel in Plaintiff's criminal case, and he was not acting under color of state law as is required to bring a claim under § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988); Polk County v. Dodson, 454 U.S. 312, 317 n.4 (1981).

case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216.

Here, Plaintiff fails to show that exceptional circumstances exist (*e.g.*, that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Indeed, this is ostensibly a § 1983 action in which Plaintiff has requested relief that can only be obtained in a habeas corpus proceeding. Further, based on Plaintiff's filings with the Court to date, it is evident that he is able to clearly and succinctly communicate with the Court. Accordingly, Plaintiff's motion for the appointment of counsel should be denied. Should it become apparent later in the proceedings that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty, see Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), the Court will entertain this motion again at the appropriate time.[3]

---

[3]Likewise, Plaintiff would also not be entitled to the appointment of counsel in a habeas corpus action. Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979) (noting that it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." (citations omitted)).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for the appointment of counsel be **DENIED**, that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this _12th_ day of _May_, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE